UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KEVIN BACHHUBER,<br>*on behalf of himself and*<br>*others similarly situated*,<br><br>            Plaintiff,<br><br>v.<br><br>JAYDEE VENTURES, LLC d/b/a 1WEST<br><br>            Defendant. | Civil Action No.:<br><br>Class Action Complaint<br><br>Jury Trial Demanded |

## I.  NATURE OF ACTION

1. Telemarketing calls and messages are intrusive. A great many people object to these calls and messages, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive

1

telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. Jaydee Ventures, LLC d/b/a 1West ("1West") made solicitations to residential telephone numbers, like Plaintiff's, that were listed on the National Do Not Call Registry.

4. Plaintiff now files this lawsuit seeking injunctive relief, requiring 1West to cease placing unsolicited solicitations to residential numbers on the National Do Not Call Registry, as well as an award of statutory damages and costs to Class members.

## II.  JURISDICTION AND VENUE

5. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

6. This Court has personal jurisdiction over 1West because it regularly conducts business in this District, including making telemarketing solicitations into this District and soliciting business from this District.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this district, namely the telemarketing solicitations to the Plaintiff.

### III.  PARTIES

8. Plaintiff is an individual located in this District.

9. Defendant Jaydee Ventures, LLC is a Delaware limited liability company.

### IV.  TCPA BACKGROUND

**A.  The TCPA Prohibits Solicitations to Numbers on the National Do Not Call Registry.**

10. The TCPA also prohibits making multiple telemarketing calls or messages to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

11. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

12. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

13. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provide a private right of action against any entity that makes those solicitations, or "on whose behalf" such solicitations are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

14. The TCPA regulations apply to text message solicitations. *Reimer v. Kohl's, Inc.*, No. 23-CV-597-JPS, 2023 U.S. Dist. LEXIS 168078, at *5 (E.D. Wis. Sep. 21, 2023)

## V.  FACTUAL ALLEGATIONS

**B.     Factual Allegations Regarding Plaintiff**

15.    Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

16.    Plaintiff's residential telephone number is 608-345-XXXX.

17.    Plaintiff personally listed his telephone number on the National Do-Not-Call Registry on March 17, 2012, and has not removed it from the Registry since that time.

18.    Plaintiff uses this telephone number for personal, residential, and household purposes.

19.    Plaintiff's telephone number is not associated with any business, nor does Plaintiff use the number for business purposes.

20.    Plaintiff is not a customer of Defendant and has never consented to receive text message solicitations from Defendant.

21.    On September 6, 2024, at 9:28 a.m., Plaintiff received a text message solicitation to his cellular telephone, 608-345-XXXX, from, or on behalf of, Defendant.

22.    The text message was from telephone number (707) 349-1185.

23.    The message contained the following image and text below:

**Grow Your Business**
With A Business Line of Credit

Minimum Qualification Requirements

✓ 600+ FICO

✓ 6 months in business

✓ $10,000 in monthly revenue

**1WEST**

Hi Kevin, 1West offers a quick & simple online application. Compare terms from several lenders and select the optimal deal at: https://1west.cloud/7r9tq.

Reply: Stop to end.

24. Despite not responding to this message, Plaintiff received another persistent text message solicitation on September 17, 2024, at 7:55 p.m. on his cellular telephone, 608-345-XXXX, from, or on behalf of, Defendant.

25. The text message was from telephone number (541) 815-8954.

26. The text message was sent for the purpose of advertising Defendant's business loan services.

27. The message contained the following image below:



28.     Similarly, other individuals have received unwanted solicitations from Defendant despite stop requests:

**Alana L** — 01/30/2024

Scammers... they continue to call me after I tell them countless times to not. I gave them a ****** review because they are illegally passing my information to lenders and spamming me with calls DAILY. They see my review on ****** and guess what they do next? **** from 1West TEXTS me.

**1West Response** — 03/25/2024

We apologize for the experience you had. Your information was given to us through a third party and we reached out with the intent on helping you with financing for your business. Once you let us know you were not interested we took your information out and will not contact you again. If you were contacted by us it was a mistake and we are very sorry about that but we made sure it will not happen again from the initial inquiry made.

*See* https://www.bbb.org/us/ny/new-york/profile/loan-broker/1west-0121-183688/customer-reviews (Last Visited December 27, 2024).

29. Plaintiff and other individuals who received these text message solicitations suffered an invasion of privacy and were harassed by the conduct of Defendant.

## VI. CLASS ACTION ALLEGATIONS

30. Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23.

> **Telephone Consumer Protection Act Do Not Call Registry Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial.

31. Defendant and its employees or agents are excluded from the Class. Also excluded are any Judge who adjudicates this case, including their staff and immediate family; persons who properly execute and file a timely request for exclusion from the Class; persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; Plaintiffs' counsel and Defendant's counsel; and the legal representatives, successors, and assigns of any such excluded persons.  Plaintiff reserves the right to modify or amend the Class definitions, as appropriate, during the course of this litigation.

32. Plaintiff brings all claims in this action individually and on behalf of Class Members against Defendant.

### Numerosity

33. Members of the Class are so numerous that their individual joinder is impracticable.

34. On information and belief, based on the technology used to call Plaintiff, which is used to make solicitations *en masse*, Members of the Class number in the thousands.

35. The precise number of Class Members and their identities are unknown to Plaintiff at this time but may be determined through discovery.

7

36. Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

### Commonality

37. Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members.

38. Common legal and factual questions include, but are not limited to, whether Defendant have violated the Telephone Consumer Protection Act (2) and whether Class Members are entitled to actual and/or statutory damages for the aforementioned violations.

### Typicality

39. The claims of the named Plaintiff are typical of the claims of the Class because the named Plaintiff, like all other Class Members, received unsolicited telephonic sales solicitations from the Defendant without giving them his consent to receive such solicitations.

### Adequacy of Representation

40. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class Members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously.

41. The interests of Class Members will be fairly and adequately protected by Plaintiff and his counsel.

### Superiority

42. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class Members.

43. Many of the Class Members likely lack the ability and/or resources to undertake the burden and expense of individually prosecuting what may be a complex and extensive action to establish Defendant's liability.

44. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system. This strain on the parties and the judicial system would be heightened in this case, given the complex legal and factual issues at play.

45. Individualized litigation also presents a potential for inconsistent or contradictory judgments.

46. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.

47. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

**COUNT I**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

48. Plaintiff repeats and incorporates the allegations set forth above.

49. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing solicitations, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

50. The Defendant's violations were negligent, willful, or knowing.

51. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and

members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

52.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing solicitations to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.     Injunctive relief prohibiting Defendant from soliciting telephone numbers advertising their goods or services, except for emergency purposes, to numbers on the National Do Not Call Registry or using an automated dialer in the future;

B.     That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA or FTSA and $1,500 for each knowing or willful violation; and

C.     An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D.     Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff request a jury trial as to all claims of the complaint so triable.

RESPECTFULLY SUBMITTED AND DATED this 15th day of January, 2025.

          Plaintiff,
          By his Counsel,

          */s/ Anthony Paronich*
          Anthony Paronich
          PARONICH LAW, P.C.
          350 Lincoln St., Suite 2400
          Hingham, MA 02043
          Telephone: (617) 485-0018
          anthony@paronichlaw.com